**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CHRISTOPHER MCCOY**,

**Petitioner,**

**v.**                                                                   **No. 13-1318-DRH**

**UNITED STATES OF AMERICA,**

**Respondent.**

**ORDER**

**HERNDON, Chief Judge:**

This matter comes before the Court for case management.  Based on the reasons the Court stated on the record in denying McCoy's 28 U.S.C. § 2255 petition and the following, the Court **DECLINES** to issue a certificate of appealability in this matter.   On July 31, the Court held a hearing on McCoy's 28 U.S.C. § 2255 petition (Doc. 22).   Appointed counsel John Stobbs, II, appeared for McCoy and Assistant United States Attorney Angela Scott appeared for the government.   During the hearing the Court orally denied and dismissed with prejudice McCoy's petition.   That same day, the Clerk of the Court entered judgment reflecting the same (Doc. 23).   Thereafter on August 6, 2014, McCoy filed a notice of appeal (Doc. 26).   On August 15, 2014, the Court denied McCoy's motion for leave to proceed in forma pauperis on appeal finding that his appeal is not taken in good faith (Doc. 34).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted.   *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009).   A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

As to McCoy's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right.   Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney

performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Signed this 20th day of August, 2014.

Digitally signed by
David R. Herndon
Date: 2014.08.20
12:37:59 -05'00'

**Chief Judge**
**United States District Court**