IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER MCCOY**,

Petitioner,

v.                                          No. 13-1318-DRH

**UNITED STATES OF AMERICA,**

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is McCoy's Rule 60 motion to reopen plaintiff's 28 U.S.C. § 2255 evidentiary hearing (Doc. 49). Based on the following, the Court denies the motion as meritless.

On July 31, 2014, the Court held an evidentiary hearing on McCoy's 28 U.S.C. § 2255 petition, orally denied with prejudice the petition and judgment was entered (Docs. 22 & 24). McCoy filed his notice of appeal on August 6, 2014 (Doc. 26). On June 6, 2016, the Seventh Circuit issued its Mandate affirming the denial of McCoy's petition (Doc. 48). Thereafter, on November 8, 2016, the Seventh Circuit, in McCoy's criminal case, *United States v. McCoy*, 11-30076-DRH, denied McCoy's motion for leave to file a second or successive motion for collateral review holding:

> Christopher McCoy has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate

under § 2255. McCoy would like to challenge his attorney's performance during his first § 2255 proceedings. Specifically, he argues counsel should have made a claim under *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014) (the Federal Magistrates Act does not authorize magistrate judges to accept guilty pleas). But even if counsel during the § 2255 proceedings performed deficiently, that is not a basis for authorization because the Constitution does not guarantee counsel during collateral proceedings. In any case, § 2244(b)(1) bars authorization because the proposed claim is simply a new legal theory in support of an old claim—that the magistrate judge's acceptance of his guilty plea was unauthorized by Federal Magistrates Act. This court rejected that very argument when affirming the denial of McCoy's § 2255 motion.

*United States v. McCoy*, 11-30076-DRH, Doc. 49.

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different time-tables govern these motions. Different standards also apply. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a

reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989).

Clearly, McCoy's motion was filed well past the 28 day window for Rule 59(e), thus Rule 60(b) governs. The Court finds that McCoy is not entitled to relief under either standard. After reviewing the record again, the Court finds that McCoy identifies no manifest error of law, newly discovered evidence, fraud, mistake, or excusable neglect that dictates a different result. His motion merely takes umbrage with the Court's previous ruling and rehashes old arguments that have been addressed by the Court. In rendering this Memorandum and Order and the oral Order dismissing without prejudice McCoy's 28 U.S.C. § 2255 petition, the Court examined the record and the case law submitted by the parties and remains convinced of the correctness of its position. Thus, the Court denies McCoy's motion.

Accordingly, the Court **DENIES** the motion to reopen plaintiff's 28 U.S.C. § 2255 evidentiary hearing (Doc. 49).

**IT IS SO ORDERED.**

Signed this 9th day of August, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.08.09 16:36:06 -05'00'

**United States District Court**